UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Rafael Beamud

   v.                                      Civil No. 16-cv-298-JD
                                                       Opinion No. 2017 DNH 006

United States of America


O R D E R

Rafael Beamud moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.[1]  In support, he argues that his conviction based on his guilty plea to violating 18 U.S.C. § 924(c)(1)(A) must be vacated based on Johnson v. United States, 135 S. Ct. 2551 (2015).  The government moves to dismiss the petition on the ground that Johnson does not apply.

Background

Beamud pled guilty to using and carrying a firearm during a crime of violence in violation of § 924(c)(1)(A) and controlled substances robbery using a dangerous weapon in violation of 18 U.S.C. §§ 2118(a) and (c)(1).  Beamud was sentenced to 300 months and one day of imprisonment, to be followed by five years

---

[1] Although Beamud initially was proceeding pro se, counsel was appointed to represent him.  Counsel filed an amended petition on his behalf.

of supervised release. Judgment was entered on October 14, 2015. Beamud did not appeal his conviction or sentence.

## Discussion

A federal prisoner may move to vacate on the grounds that his "sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). Beamud contends that his sentence must be vacated because his conviction under § 924(c)(1)(A) is invalid. In support, Beamud argues that his conviction for violating § 2118(a) and (c)(1) did not constitute a crime of violence, as required by § 924(c)(1)(A), and the alternative residual clause, § 924(c)(3)(B), has been held to be unconstitutional in Johnson.

### A. Motion to Vacate

The government moves to dismiss Beamund's motion to vacate his conviction on the ground that Beamud's crime of aggravated robbery of controlled substances, in violation of § 2118(c)(1), qualifies as a crime of violence for purposes of § 924(c)(1)(A). As a result, the government contends, Johnson does not affect Beamud's conviction. Beamud objects to dismissal, arguing that a violation of § 2118(c)(1) does not meet the definition of a crime of violence under the force clause of § 924(c), § 924(c)(3)(A), leaving only § 924(c)(3)(B), which has been invalidated by Johnson.

The government relies on Judge Barbadoro's analysis of the same issue in Chasse v. United States, 2016 WL 4926154 (D.N.H. Sept. 15, 2016).  In response, Beamud notes that the First Circuit has not addressed the issue and that it can be argued that use of a gun during a pharmacy robbery is not a crime of violence within the meaning of § 924(c).  Specifically, Beamud relies on United States v. Tavares, 843 F.3d 1, 12-20 (1st Cir. 2016), which considered whether the Massachusetts crime of assault and battery with a dangerous weapon, Massachusetts General Laws Chapter 265, § 15A(b), qualified as a crime of violence for purposes of United States Sentencing Guidelines § 4B1.2(a).

Beamud argues that his use of a gun while robbing a CVS pharmacist did not rise to the level of violent physical force.  Section 924(c) provides that "the term 'crime of violence' means an offense that is a felony and . . . has an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).  In Chasse, Judge Barbadoro found that pharmacy robbery in violation of § 2118(c)(1), like bank robbery in violation of § 2113, qualified as a crime of violence for purposes of § 924(c)'s force clause.  2016 WL 4926154, at *5-*6.  That decision relied

in part on Kucinski v. United States, 2016 WL 4444736 (D.N.H. Aug. 23, 2016).

The undersigned finds the analyses in Kucinski and Chasse persuasive. See also Gibson v. United States, 2016 WL 6408233, at *5 (E.D. Tenn. Oct. 28, 2016) (citing other cases finding that violations of § 2118 meet the force clause definition under § 924(c)). Beamud's conviction of pharmacy robbery, in violation of §§ 2118(a) and (c)(1), constitutes a crime of violence under the force clause, § 924(c)(3)(A). For that reason, the residual clause of § 924(c) is not implicated, and the decision in Johnson does not affect Beamud's conviction. Beamud has not provided grounds to support his motion to vacate under § 2255.

B. Certificate of Appealability

In the event his petition would be denied, Beamud asks the court to grant him a certificate of appealability. An unsuccessful petitioner under § 2255 may appeal only if a circuit justice or the district court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A petitioner makes a substantial showing if he demonstrates "that jurists of reason

4

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); accord Welch v. United States, 136 S. Ct. 1257, 1263-64 (2016).

Beamud contends that the court should grant a certificate of appealability to permit the First Circuit to address the issue of whether a violation of §§ 2118(a) and (c)(1) is a crime of violence for purposes of § 924(c)(3)(A).  Beamud makes no argument that jurists of reason could disagree about the issue, but instead asks this court to allow the issue to be reviewed by the First Circuit.  Under these circumstances, whether the issue should proceed further would be more appropriately decided by the First Circuit.  See, e.g., Rivera-Rivera v. United States, 827 F.3d 184, 186-87 (1st Cir. 2016); Casiano-Jimenez v. United States, 817 F.3d 816, 819 (1st Cir. 2016).

## Conclusion

For the foregoing reasons, the government's motion to dismiss the petition (document no. 8) is granted.  The amended petition (document no. 6) is dismissed.

The court declines to issue a certificate of appealability.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                             /s/ Joseph A. DiClerico, Jr.
                                             Joseph DiClerico, Jr.
                                             United States District Judge

January 10, 2017

cc:  Bjorn R. Lange, Esq.
     Seth R. Aframe, Esq.